UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

**VOTER VERIFIED INC,**

 *Plaintiff,*

v.               **CASE NO. 1:16cv267-MW/GRJ**

**ELECTION SYSTEMS & SOFTWARE LLC,**

 *Defendant.*

_____/

## ORDER GRANTING MOTION TO DISMISS

  This is a patent case. The parties previously litigated the same patent in the Middle District of Florida, and now Plaintiff has brought infringement claims before this Court. ECF No. 1. Defendant moved to dismiss the case, arguing that the patent is invalid under *Alice Corp. v. CLS Bank Int'l*, 134 S. Ct. 2347 (2014). ECF No. 7. The issue before this Court is whether *Alice* constitutes a change in the law such that issue preclusion does not apply and, if so, whether the voting system at issue in this case is patentable under the two-step analysis set forth in *Alice*. This Court finds that Defendant's motion to dismiss is due to be granted.

  Under 35 U.S.C. § 101, an inventor who "invents or discovers any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof, may obtain a patent therefor, subject to

the conditions and requirements of this title." There are three indisputable exceptions to patentable subject matter: laws of nature, physical phenomena, and abstract ideas. *Bilski v. Kappos*, 561 U.S. 593, 601 (2010); *Diamond v. Chakrabarty*, 447 U.S. 303, 309 (1980). Though these three exceptions exist, the Supreme Court has acknowledged that most inventions draw upon one of these three principles in some way, so application of these concepts "to a new and useful end" are still patent eligible. *Mayo Collaborative Servs. v. Prometheus Labs., Inc.*, 132 S. Ct. 1289, 1293 (2012); *Gottschalk v. Benson*, 409 U.S. 63, 67 (1972).

To give the lower courts guidance in determining patentable subject matter under 35 U.S.C. § 101, the Supreme Court clarified the two-step analysis previously established in *Mayo* in the 2014 case of *Alice Corp. v. CLS Bank Int'l*, 134 S. Ct. 2347, 2355–57 (2014). The first step is to "determine whether the claims at issue are directed to one of those patent-ineligible concepts." *Id.* at 2355 (citing *Mayo*, 132 S. Ct. at 1296–97). If so, then this Court "must examine the elements of the claim to determine whether it contains an 'inventive concept' sufficient to 'transform' the claimed abstract idea into a patent-eligible application." *Id.* at 2357 (quoting *Mayo*, 132 S. Ct. at 1294, 1298).

The inventive concept described in *Alice* is qualified as "an element or combination of elements that is 'sufficient to ensure that the patent in

practice amounts to significantly more than a patent upon the [ineligible concept] itself.'" *Id.* at 2355 (quoting *Mayo*, 132 S. Ct. at 1294) (alteration in original). If an inventor simply installs an abstract idea onto a computer, this does not "transform" the abstract idea into a patent-eligible concept. *Id.* at 2352. This includes computer functions which are "'well-understood, routine, conventional activit[ies]' previously known to the industry." *Id.* at 2359 (quoting *Mayo*, 132 S. Ct. at 1294) (alteration in original).

Courts previously used the "machine or transformation test" established in *Mayo*, but now *Alice* has made clear that a claim based upon an abstract idea does not pass § 101 scrutiny by implementing the idea into a computer. *Id.* at 2358. This two-step analysis was a substantial change in the standard of review for patentable subject matter under § 101. As a result of *Alice*'s holding, the United States Patent and Trademark Office (USPTO) issued guidance documentation to direct agents to review patents under the new *Alice* guidelines. ECF No. 17, Exhibit 4 at 3. In other words, it is clear that *Alice* constitutes a change in the law as it changed the analysis used by the office that issues patents, the USPTO.

Using the two-step analysis set forth in *Alice*, this Court must determine if the subject matter of the patent at issue, the '449 patent, is patentable. First, the '449 patent is directed at one of the "patent-ineligible concepts" because the patent is based on the abstract idea of idea of a vote

collection and verification. *Alice*, 134 S. Ct. at 2355 (citing *Mayo*, 132 S. Ct. at 1296–97); ECF No. 7 at 7. Second, the '449 patent does not contain an "inventive concept" sufficient to "transform" the abstract idea of vote collection and verification into a patent-eligible application. *Id.* at 2357 (quoting *Mayo*, 132 S. Ct. at 1294, 1298).[1]

According to the complaint[2], the auto-verification voting system is made of generic computer components performing generic computer functions, including: inputting voting information, printing out a paper ballot, having the voter personally verify the vote, and inputting the verified vote into a "tabulating" computer. ECF No. 1, Exhibit B at 6–7. There is nothing inventive or transformative about the functions claimed in the patent, as they encompass computer functions which are "'well-understood, routine, conventional activit[ies] previously known to the industry," and thus, there is no transformative feature between the abstract ideas of voting and verification and the input of the given steps into a computer system. *Alice*, 134 S. Ct. at 2359 (quoting *Mayo*, 132 S. Ct. at 1294) (brackets in original); ECF No. 1, Exhibit B at 6–7.

---

[1] The USPTO and Federal Circuit have given multiple examples of what is and isn't patent-eligible subject matter, and the case as bar is most analogous to *Planet Bingo, LLC v. VKGS LLC*, 576 Fed. Appx. 1005 (Fed. Cir. 2014).The USPTO has provided examples, including a bingo game management system. *Examples: Abstract Ideas*, U.S. PAT. & TRADEMARK OFF., https://www.uspto.gov/patents/law/exam/abstract_idea_examples.pdf (last visited Feb. 17, 2017).

[2] This Court, of course, accepts the facts as alleged in the Complaint in determining whether Defendant's motion is due to be granted.

*Case No: 1:16cv267-MW/GRJ*

This Court concludes that *Alice* provided an authoritative decision that substantially changed the law; thus, the issue of patent validity is not precluded from further litigation. *See Alice*, 134 S. Ct. at 2355–57; *Dow Chem. Co.*, 803 F.3d at 628. This Court also concludes that the '449 patent is invalid under the *Alice* decision because the voting system claimed is simply an abstract idea on a computer; it does not "transform" the abstract idea into a patent-eligible concept. *Alice*, 134 S. Ct. at 2352. Because the patent is invalid, Defendant's motion to dismiss is due to be granted.

Accordingly, it is hereby **ORDERED:**

Defendant's Motion to Dismiss, ECF No. 7, is **GRANTED.** The Clerk is directed to enter judgment stating, "Plaintiff's claims against Defendant are dismissed with prejudice." The Clerk shall close the file.

**SO ORDERED on March 21, 2017.**

> s/Mark E. Walker
> **United States District Judge**